Argued and submitted June 5, reversed and remanded for reinstatement of citation and penalty July 12, 1989

ACCIDENT PREVENTION DIVISION,
*Petitioner,*

*v.*

BLISS,
dba Bliss Roofing Co.,
*Respondent.*

(SH 87-178; CA A50316)

776 P2d 1302

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

James R. Watts, Portland, argued the cause for respondent. With him on the brief was Watts & Watts, Portland.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Accident Prevention Division (APD) seeks review of a Workers' Compensation Board referee's order vacating a safety violation citation and penalty. We reverse and reinstate the citation and penalty.

APD cited defendant, a roofing contractor, for violating OAR 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, which requires a catch platform below the working area of roofs of a particular height above the ground and having a particular slope. An inspection of the job site had revealed three employes installing roofing materials on a three-story house without either a catch platform or safety belts attached to a lifeline.[1] The inspector noted that "employes were exposed to a fall of 25 feet to soft mud below." APD assessed a penalty for that and two other violations that are not at issue in this appeal.

Defendant appealed the citation to the Hearings Division of the Workers' Compensation Board. In its amended opinion and order the Board found that the roof height and slope brought the project within OAR 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 and that there was no catch platform or safety belt and lifeline protection. The Board also found that the cost of installing a catch platform for use in a single-family residential roofing project was $2,000 and that that cost is "prohibitive." It concluded that the "economic feasability [sic] defense has been established." It vacated the citation and penalty.

APD argues that the Board erred in finding economic infeasability a legitimate defense to a charge of violating OAR 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. It also argues that, even if the defense were legitimate, no substantial evidence supports the referee's conclusion that defendant could not feasibly comply with OAR 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.[2] Because we agree that there is no substantial

[1] OAR 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 provides:

"A catch platform shall be installed below the working area of roofs more than 16 feet from the ground to eaves with a slope of greater than 4 inches in 12 inches without a parapet. In width, the platform shall extend 2 feet beyond the protection of the eaves and shall be provided with a guardrail, mid-rail, and toeboard.

"NOTE: This provision shall not apply where employes engaged in work on such roofs are protected by a safety belt attached to a lifeline."

[2] Petitioner also assigns as error the Board's conclusion that brackets and toeboards are an acceptable alternative safety measure. Because we reverse, we do not consider that assignment of error.

evidence supporting the Board's conclusion, we do not reach the question of the applicability of the economic infeasability defense to the regulation at issue.

Defendant Bliss testified regarding the costs involved:

"If you were to use a metal one, a scaffolding plank, you're looking at, on a house this size, to set it up, probably two days for two guys, and I don't have a clue. Two thousand dollars, maybe, to set it up.

"Q. And then the same to take it down, or does that include taking it down?

"A. I'm just guessing."[3]

Even if defendant's guess were correct, there is no explanation of why that cost is prohibitive. There is no evidence of the total construction costs of the house; there is no evidence about whether a scaffold is reusable, either in part or totally; and there is no test or standard articulated that would be applicable in other cases alleging a violation of the same regulation. The referee's determination that compliance with the regulation would be economically infeasible appears simply to be an *ad hoc* view that the safety measure is too expensive. Accordingly, we reverse the order and reinstate APD's citation and penalty.[4]

The purposes of the Oregon Safe Employment Act are to provide working conditions as safe and as healthful as possible, to preserve human resources and to reduce the burden created by occupational injury and disease. ORS 654.003. The Board's order could reduce protection to the worker, contrary to the act's purpose, without there being substantial evidence that compliance with the regulations is economically infeasible.

Reversed and remanded for reinstatement of the citation and penalty.

---

[3] Defendant also testified that he believed that the use of catch platforms would drive the cost of houses up because of increased costs for liability insurance and workers' compensation coverage. That statement defies logic.

[4] The parties stipulated at the hearing that, if a violation were found, a $65 penalty would be appropriate. Therefore, we reinstate that penalty, despite the fact that it was originally imposed for all three cited violations combined.